**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL GREEN, | ) | |
| | ) | 2022 C 6503 |
| Plaintiff, | ) | |
| | ) | Judge Robert Gettleman |
| v. | ) | |
| | ) | Magistrate Gabriel Fuentes |
| City of Chicago, | ) | |
| Delgado Fernandez #6261 and Kerr #4871, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND

Defendants Delgado Fernandez and Lawrence Kerr, through their undersigned counsel, for their answer to Plaintiff's complaint, affirmative defenses, and jury demand, state as follows:

1.     This is a claim for violation of plaintiff's civil rights as protected by the Constitution and laws of the United States under 42 U.S.C. § 1983, 1985, and 1986.

**ANSWER:**    Defendants admit the allegations in this paragraph but deny engaging in the wrongdoing alleged herein.

2.     The court has jurisdiction under 28 U.S.C. §§ 1343 and 1367.

**ANSWER:**    Defendants admit the allegations in this paragraph.

3.     Plaintiff's full name is Michael Green.

**ANSWER:**    Defendants admit Plaintiff's name is Michael Green but lack knowledge or information sufficient to form a belief about the truth of whether that is his full name.

4.     Defendant, CPD Fernandez #6261 and Kerr #4871 is an officer or official employed by City of Chicago Police Department.

**ANSWER:**     Defendants admit the allegations in this paragraph.

5.     The municipality, township, or county under whose authority defendant officer or official acted is COOK COUNTY. As to Plaintiff's federal constitutional claims, the municipality, township, or county is a defendant only if custom or policy allegations are made at paragraph 7 below.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

6.     On or about 9/13/2018, at approximately  12:00 / 3:00 p.m., the plaintiff was present in the municipality (or unincorporated area) of  95th St. between Langley and Champlain, in the County of Cook, State of Illinois, at 95th St. West of Langley Ave when defendant violated plaintiff's civil rights as follows:

    ☑    arrested or seized plaintiff without probable cause to believe that plaintiff had committed, was committing or was about to commit a crime;

    ☑    searched plaintiff or his property without a warrant and without reasonable cause

    ☐    used excessive force upon Plaintiff;

    ☑    failed to intervene to protect plaintiff from violation of plaintiff=s civil rights by one or more other defendants

    ☐    failed to provide plaintiff with needed medical care

    ☑    conspired together to violate one or more of plaintiff=s civil rights;

    ☑    Other:  Malicious Prosecution, Wrongful Detainer

**ANSWER:** Defendants admit that they interacted with Plaintiff at the stated date, time, and location, but deny any wrongdoing.

7.      Plaintiff was charged with one or more crimes, specifically: UUW/Felon

**ANSWER:** Defendants admit Plaintiff was charged with Unlawful Use of a Weapon by a Felon.

8.      The criminal proceedings:

☐    are still pending.

☑    were terminated in favor of plaintiff in a manner indicating plaintiff was innocent.

☐    Plaintiff was found guilty of one or more charges because defendant deprived me of a fair trial as follows:

☐    Other:

**ANSWER:** Defendants deny upon information and belief the allegations contained in this paragraph.

9.      On September 13, 2018, I was walking East in the alley 95th going to a lady friend house when Chicago Police Officers pull into the alley going west pursuit a car.

**ANSWER:** Defendants admit Plaintiff was present in the alley on September 13, 2018, but deny Plaintiff was walking. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

10.     CPD arrest me and charge me with UUW felony March 2022.

**ANSWER:** Defendant admits that Plaintiff was arrested and charged with Unlawful Use of Weapon, or UUW, but deny that happened in March of 2022.

11.     I went to jury trial and won my case, not guilty.

**ANSWER:** Defendants admit upon information and belief Plaintiff was found not guilty after a trial.

12.    Plaintiff also claims violation of rights that may be protected by the laws of Illinois, such as false arrest, assault, battery, false imprisonment, malicious prosecution, conspiracy, and/or any other claim that may be supported by the allegations of this complaint

**ANSWER:** Defendants admit Plaintiff brings various claims against them but deny engaging in the wrongdoing alleged herein.

## AFFIRMATIVE DEFENSES

1.    Defendant Officers Kerr and Fernandez are governmental officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonably competent officer, objectively viewing the facts and circumstances then confronting Defendants could have believed their actions regarding the encounter with Plaintiff to be lawful, in light of clearly established law and the information possessed by the Defendants. Defendants are therefore entitled to qualified immunity on Plaintiff's claims under federal law.

2.    Defendants cannot be held liable for Plaintiffs' 42 U.S.C. § 1983 claims unless they individually caused or participated in an alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. See *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

3.    The City of Chicago is not liable to Plaintiff for any federal claims for which Defendants are not liable to Plaintiff. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

4.    To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had

a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

5.      Defendant City of Chicago is immune from the imposition of punitive damages under both state and federal law. Moreover, under Illinois law, the City cannot be required to indemnify an employee for punitive damages, nor may it pay a judgment for punitive damages. 745 ILCS 10/2-102; *City of Newport v. Facts Concerts*, 453 U.S. 247, 271 (1981).

6.      Defendants are absolutely immune from civil liability for any claim that they committed, or conspired to commit, perjury in the course of his testimony during the judicial proceedings in Plaintiff's underlying criminal case. *Briscoe v. LaHue*, 460 U.S. 325, 330-331 (1983); *Rehberg v. Paulk*, 132 S.Ct. 1497 (2012); *see also Khorrami v. Rolince*, 539 F.3d 782, 789 (7th Cir. 2008) (noting that the Seventh Circuit has recognized that absolute immunity extends to police officer's participation in pretrial proceedings).

7.      A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct, pursuant to 745 ILCS 10/2-202 (Local Governmental and Governmental Employees Tort Immunity Act).  Defendants were employees of the City of Chicago, a local public entity, and were executing and enforcing the law at all relevant times. Therefore, Defendants are immune from liability, and Plaintiff's causes of action against Defendants must fail.

8.      Defendants are not liable for Plaintiff's attorneys' fees on his Illinois state law claims as "the law in Illinois clearly is that absent a statute or contractual agreement attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party."  *See Kerns v. Engelke*, 76 Ill.2d 154, 166 (1979) (internal citations omitted).

5

10.     Under the Illinois Tort Immunity Act, Defendants are not liable for any of Plaintiff's alleged state law claims because a public employee, as such and acting within the scope of his or her employment, is not liable for an injury caused by the act or omission of another person.  745 ILCS 10/2-204.

11.     Under the Illinois Tort Immunity Act, Defendants not liable for any of the state law claims alleged because the decision as to what action to take with regard to Plaintiff was a discretionary decision for which the Defendant City of Chicago and its employees are immune from liability. 745 ILCS 10/2-201.

13.     As to Plaintiff's state law claims, under the Illinois Tort Immunity Act, the Defendants are not liable for any of the claims alleged because a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208 (2014).

14.     Plaintiff cannot bring a conspiracy claim against Defendants without establishing an underlying constitutional violation. *Mauvais-Jarvis v. Wong*, 2013 IL App (1st) 120070, ¶ 109; *Adcock v. Brakegate*, Ltd., 164 Ill. 2d 54, 63 (1994); *see also Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008) ("[C]onspiracy is not an independent basis of liability in § 1983 actions."). To the extent Plaintiff fails to prove an underlying constitutional violation, so too must his conspiracy claim fail.

## JURY DEMAND

Defendants request a jury for all issued so triable.


Dated: September 28, 2023                    Respectfully submitted,

                                  By:     */s/Brian S. Siegel*
                                          Brian S. Siegel
                                          Assistant Corporation Counsel
                                          Attorney No.: 6330440

Scott A. Cohen, Assistant Corporation Counsel Supervisor
City of Chicago Department of Law
Federal Civil Rights Litigation Division
2 North LaSalle Street, Suite 420
Chicago, Illinois 60602
(312) 744-5890
brian.siegel@cityofchicago.org
scott.cohen@cityofchicago.org
***Attorneys for Defendants***

7

**CERTIFICATE OF SERVICE**

I, Brian S. Siegel, an attorney, certify I caused the foregoing document to be served on all counsel of record by electronically filing it using this Court's PACER/ECF system on September 28, 2023.

*/s/Brian S. Siegel*
Brian S. Siegel