IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | 22 CV 06503 |
| | ) | |
| v. | ) | |
| | ) | JUDGE Charles P. Kocoras |
| CITY OF CHICAGO, Illinois, a municipal Corporation, and Chicago Police Officers DELGADO FERNANDEZ (6261), KERR (4871), | ) ) ) ) | MAGISTRATE JUDGE Gabriel A. Fuentes |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## FIRST AMENDED COMPLAINT

Plaintiff, MICHAEL GREEN, (Plaintiff), by his attorney, Tony Thedford, makes the following complaint against Defendant CITY OF CHICAGO, ILLINOIS, ("Defendant CITY"), and Chicago Police Officers DELGADO FERNANDEZ, and KERR ("Defendant OFFICERS"):

### JURISDICTION & VENUE

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### PARTIES

4. Plaintiff GREEN is a 46-year-old resident of Chicago, Illinois.

5. Defendant OFFICERS Fernandez and Kerr were at all relevant times, duly appointed and

1

sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation. Defendant-Officers are sued in their individual capacities.

6. Defendant CITY is a municipal corporation, duly incorporated under the laws of the State of Illinois and is the employer and principal of Defendant-Officers.

## FACTS

7. On or about September 13, 2018, Plaintiff was walking east in an alley near the location of 95th and Langley Streets in Chicago, Illinois.

8. At approximately 3:00 p.m., without legal justification, two or more of Defendant OFFICERS tackled Plaintiff from behind causing him to fall forward onto the ground. These Officers then violently pulled Plaintiff's arms up and behind his back and handcuffed him.

9. Defendant OFFICERS were chasing a suspect in weapons offense that they had lost sight of. Plaintiff repeatedly told Defendant OFFICERS that they had the wrong guy.

10. Eventually, Defendant OFFICERS transported Plaintiff to the police station and charged him with a felony offense for possession of a handgun.

11. The next day, Plaintiff was taken to bond court at 2650 South California where a judge set his bond in amount that Plaintiff could not afford to post resulting in his detention.

13. Defendant OFFICERS caused Plaintiff to be falsely prosecuted for a felony possession of a handgun. To substantiate false felony weapons charges against Plaintiff, Defendant-Officers made false statements in police reports, made false statements to the State's Attorneys, and made false statements before the court at trial.

Defendant-Officers either participated in perpetuating these false statements or failed to

intervene to stop the statements from being made or failed to bring the truth to light despite having the opportunity to do so.

14. Plaintiff remained in continual custody as a result of the actions of the Defendants until March 11, 2022, when he was acquitted of these false charges following a jury trial. Throughout the duration of Plaintiff's criminal proceedings, Defendant-Officers took steps to commence and continue his criminal prosecution, including, but not limited to drafting false police reports, giving false information to the State's Attorney's Office, appearing in court, and failing to bring the truth to light.

## COUNT I v. Defendant-Officers
**(42 U.S.C. §1983 - Fourth Amendment Unlawful Detention)**

15. Plaintiff re-alleges paragraphs 1-14 all as if fully set forth herein.

16. Defendant-Officers, knowing that probable cause did not exist, acted to cause Plaintiff to be arrested, detained, and prosecuted for serious felony weapons charges knowing that Plaintiff was being seized and detained without probable cause for those charges, thereby violating Plaintiff's right to be free from unreasonable seizures guaranteed to him by the Fourth and Fourteenth Amendments of the United States Constitution.

17. During his entire criminal prosecution, Plaintiff was detained. At all times he was detained in a correctional facility with significant restrictions of liberty and movement. His restrictions on liberty were a direct result of the baseless criminal prosecution for serious weapons charges.

WHEREFORE, Plaintiff asks that this Honorable Court:

    a) Enter judgment against Defendant-Officers,

    b)    Award Plaintiff compensatory and punitive damages,

    c)    Award attorneys' fees and costs, and

    d)    Award any further relief that this Honorable Court deems just and equitable.

**Count II – v. All Defendants**
**(Illinois State Claim for Malicious Prosecution)**

18.    Plaintiff re-alleges paragraphs 1-17 as if fully restated here.

19.    As more fully described above, Defendant OFFICERS willfully and wantonly initiated criminal proceedings against Plaintiff, and/or caused the criminal proceedings to continue against him, without probable cause to believe he had committed a crime.

20.    With malice, willfulness, and/or reckless indifference to Plaintiff's rights, Defendant OFFICERS created false and/or inaccurate police reports, gave false accounts regarding their investigation to other police officers and/or Assistant State's Attorneys and/or fabricated evidence.

21.    The criminal proceedings against Plaintiff were terminated in his favor, in a manner indicative of innocence.

22.    As a direct and proximate result of Defendant OFFICERS' malicious prosecution, Plaintiff suffered financial, physical, and emotional damages for having to defend himself against the false charges placed against him.

23.    Illinois law provides that public entities, such as Defendant CITY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment under the doctrine of *respondent superior.*

24.    At all relevant times, Defendant OFFICERS were agents of Defendant CITY, and acting within the scope of their employment as a Chicago Police Officers. Defendant CITY, therefore, is liable as principal for all torts committed by Defendant OFFICERS.

WHEREFORE, Plaintiff prays for judgment against Defendant OFFICERS and Defendant CITY in a fair and just amount sufficient to compensate him for the injuries he has suffered, as well as such other relief as is just and equitable.

## COUNT III
### (Claim for Indemnification pursuant to 745 ILCS 10/9-102)

25. The acts of the Defendant-Officers described above were willful and wanton and committed in the scope of employment.

26. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant City of Chicago is liable for any judgments in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant City of Chicago to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Plaintiff demands a trial by jury.**

MICHAEL GREEN, Plaintiff

By: __/s/ Tony Thedford__
     Attorney for Plaintiff

Tony Thedford
Thedford Garber Law
1932 S Halsted, Suite 506
Chicago, Illinois 60608
773-315-1033
tony@thedfordgarberlaw.com
ARDC: 6239316